UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZEBULON DAWSON,

       Petitioner,                        Case No. 07-11710

v.                                           Honorable Gerald E. Rosen

C. EICHENLAUB,

       Respondent.

_____/

**OPINION AND ORDER DENYING PETITION**
**FOR WRIT OF HABEAS CORPUS AS MOOT**

This is a habeas case filed by *pro se* Petitioner Zebulon Dawson under 28 U.S.C. § 2241. At the time of filing his petition, Dawson was a federal prisoner at the Federal Correctional Institution (FCI) in Milan, Michigan. His habeas petition challenges the validity of a federal policy governing inmates' eligibility for placement in community corrections centers (CCC), also known as residential re-entry centers (RRC), or halfway houses. The Court has determined the BOP's revisions to the challenged policy and regulations, and Dawson's release from custody render this petition moot.

**I. Background**

Petitioner pleaded guilty in the United States District Court for Northern District of Iowa to one count of the distribution of methylenedioxymethamphetamine (ecstasy). On May 7, 2003, United States District Judge Linda R. Reade sentenced Petitioner to fifty-seven to seventy-one months imprisonment, followed by three years of supervised release.

In October 2006, Petitioner asked to be placed in a community corrections center (CCC)

or home confinement. Respondent denied Petitioner's request and stated that Petitioner would be eligible for placement in a CCC on January 23, 2008. Petitioner appealed the warden's decision, but the Regional Director for the Bureau of Prisons stated that placement in an RRC would be possible only during the last ten percent of Petitioner's sentence served and that such placement could not exceed six months. It went on to state that his eligibility would be considered no later than eleven to thirteen months prior to his release date of July 23, 2008. The Administrator for National Inmate Appeals agreed and affirmed the Regional Director's decision on March 20, 2007.

Petitioner thereafter filed the instant habeas petition seeking an order invalidating the Bureau's policy and regulations on placement in a CCC. His grounds for relief read:

> I.  The BOP policy and regulations, placing inmates in community confinement are "invalid" and, therefore, cannot be applied when considering Petitioner for community confinement, pursuant to 18 U.S.C. 3621(b), thus denying Petitioner his right to due process.

### II. Discussion

Prior to December 2002, the BOP allowed prisoners to be placed "in a CCC for more than the 'last ten per centum of the term' or more than six months if appropriate."[1] In December 2002, however, the Department of Justice Office of Legal Counsel issued a memorandum announcing a significant change in this policy. The 2002 memorandum concluded that under

---

[1] The historical evolution of the BOP policy and regulations concerning community confinement is discussed in detail in *Ramirez v. Eichenlaub*, 2008 WL 4791892 (E.D. Mich., Oct. 30, 2008) (O'Meara, J.)

relevant federal statutes, 18 U.S.C. §§ 3621 and 3624,[2] the BOP did not have authority to place

---

[2] 18 U.S.C. § 3621(b) states:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets the minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering:
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence --
>
> > (A) concerning the purpose for which the sentence to imprisonment was determined to be warranted; or
> >
> > (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2)(C) of title 28.
>
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.

18 U.S. C. § 3621(b).

18 U.S.C. § 3624(c) charges the BOP with facilitating a prisoner's re-entry into society. It states in relevant part:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to

an offender in a CCC at any time or for any period of time, but rather that such placement was limited to the lesser of six months or ten percent of the offender's sentence. *See Woodall v. Bureau of Prisons*, 432 F.3d 235, 240 (3d Cir. 2005). Accordingly, on December 20, 2002, the BOP adopted a new policy reflecting the Office of Legal Counsel's position that inmates may only be released to community confinement for the last ten percent of their terms of imprisonment or six months, whichever is shorter.

Following the BOP's adoption of this new policy, offenders nationwide filed a flurry of lawsuits challenging its validity. The First and Eighth Circuit Courts of Appeals found this 2002 policy unlawful because it limited the BOP's discretion to transfer offenders to a CCC in contravention of the plain meaning of 18 U.S.C. § 3621(b), which grants general authority to the BOP to transfer prisoners at any time during their term of incarceration after individualized determination of the appropriateness of a transfer based on certain enumerated factors. *See Elwood v. Jeter*, 386 F.3d 842 (8th Cir. 2004); *Goldings v. Winn*, 383 F.3d 17 (1st Cir. 2004).

In response to these decisions, the BOP adopted new rules regulating CCC placement, effective February 14, 2005. The regulations, 28 C.F.R. §§ 570.20 and 570.21, were announced as a "categorical exercise of discretion [by the BOP] for designating inmates to community confinement." 28 C.F.R. § 570.20. The regulations categorically denied CCC placement to any inmate not in the lesser of the last 10% or six months of his sentence, except under certain limited, enumerated circumstances. Pursuant to these 2005 regulations, the Bureau would

---

> be served under conditions that will afford the prisoner a
> reasonable opportunity to adjust to and prepare for the prisoner's
> re-entry into the community.

18 U.S.C. § 3624(c).

designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months.

Petitioner Dawson challenges the validity of the 2005 regulations in his habeas corpus petition. At least two circuit courts and four judges in this district have held that the BOP's policy of categorically excluding placement in community confinement until the last ten percent or six months of a prisoner's sentence is contrary to congressional intent and that the BOP must apply the factors in 18 U.S.C. § 3621(b) when considering placement in a CCC.*[3]*

Last year, however, Congress amended 18 U.S.C. § 3624(c) through the enactment of the Second Chance Act of 2001, Pub. L. No. 110-199, 122 Stat. 657 (Apr. 9, 2008). In relevant part, the Act authorizes the BOP to consider placing an inmate in a CCC for up to the final 12 months of his or her sentence, rather than the final six months that were available pre-amendment. The amended section also states that nothing in section 3624 "shall be construed to limit or restrict the authority of the Director or of the Bureau of Prisons under the statute empowering the BOP to take a convict into custody and designate a place of imprisonment."

In accordance with the Second Chance Act, on April 14, 2008, the BOP issued an interim policy memorandum on CCC placement considerations. The memorandum states that the "categorical timeframe limitations on prerelease community confinement" found in 28 C.F.R. §§ 570.20 and 570.21 (i.e., the ten percent limit that Petitioner challenges in his petition) "are no

---

[3] *Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007); *Levine v. Apker*, 455 F.3d 71 (2nd Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088 (8th Cir. 2006); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005); *Luckett v. Eichenlalub*, 2007 WL 312466 (E.D. Mich. 2007); *Halter v. Eichenlaub*, 2007 WL 2873944 (E.D. Mich. 2007); *Weirup v. Eichenlaub*, 2007 WL 2300715 (E.D. Mich. 2007); *Holloway v. Marberry*, 2007 WL 1880386 (E.D. Mich. 2007).

longer applicable and must no longer be followed." The memorandum further requires that CCC placement decisions be made on an individual basis with reference to the five-factor criteria set out in section 3621(b). Inmates previously denied CCC placement, such as Petitioner, were to be reconsidered under the standards set out in the memorandum.

There is no question that the passage of the Second Chance Act and the BOP's implementing policy gives Petitioner everything that he sought in his habeas application.

Article III, § 2, of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This case or controversy requirement means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). "[I]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give any meaningful relief, then the case is moot and must be dismissed." *See Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004) (internal quotation omitted). Additionally, when a challenged regulation has been superceded by a new regulation, "'the issue of the validity of the old regulation is moot, for this case has lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract questions." *Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982).

Several judges in this district and a number of other federal district courts have held that the Second Chance Act renders claims challenging the BOP's prior policies and regulations moot. *See e.g., Montroy v. Eichenlaub*, 2008 WL 4791293 (E.D. Mich., Oct. 29, 2008) (Cleland, J.); *Ramirez v. Eichenlaub*, 2008 WL 4791892 (E.D. Mich., Oct. 30, 2008) (O'Meara, J.);

*Rideout v. Eichenlaub*, 2008 WL 4960172 (E.D. Mich., Nov. 20, 2008) (Friedman, J., adopting Magistrate Judge's Report and Recommendation); *Ashburn v. Eichenlaub*, 2008 WL 5244413 (E.D. Mich., Dec. 16, 2008) (Edmunds, J., adopting Magistrate Judge's Report and Recommendation); *Levon v. Eichenlaub*, 2008 WL 5422682 (E.D. Mich., Dec. 29, 2008) (Zatkoff, J.); *McGavock v. Berkebile*, 2008 WL 4540185 (N.D. Tex., Oc. 8, 2008); *Ryno v. Berkebile*, 2009 WL 2717181 (N.D. Tex., July 10, 2008). This Court agrees with those decisions. Petitioner's requests for invalidation of the BOP's 2002 Policy and 2005 Regulations, and for a good faith consideration for CCC placement without regard to those provisions have been met. The Court cannot grant Petitioner any further relief on these claims. The Second Chance Act has rendered his petition moot.

Furthermore, a review of the BOP's Inmate Locator database indicates that as of July 23, 2008, Petitioner was released from custody. This, too, renders Dawson's petition for a writ of habeas corpus moot. *See Brock v. United States Department of Justice*, 256 Fed. Appx. 748 (6th Cir. 2007) (appeal from denial of habeas petition dismissed as moot when, after filing his petition, petitioner was placed in a CCC and was then released from custody); *see also Zomber v. Stine*, 2008 WL 1735169 (E.D. Ky., Apr. 11, 2008) (petitioner's release rendered his habeas petition seeking invalidation of the 2005 regulations moot).

### III. Conclusion

For all of the foregoing reasons, the Court concludes that Petitioner's claims challenging the validity and application of the BOP's 2002 and 2005 policies and regulations concerning his CCC placement have been rendered moot by the Second Chance Act and the BOP's updated policies. Therefore, this matter is DISMISSED for lack of jurisdiction.

                              s/Gerald E. Rosen
                              Chief Judge, United States District Court

Dated: February 10, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 10, 2009, by electronic and/or ordinary mail.

                              s/LaShawn R. Saulsberry
                              Case Manager